IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HARVEY BURCHFIELD**                                                                                                      **PLAINTIFF**

**V.**                                                                   **NO. 4:16-CV-00172-DMB-JMV**

**FOREMOST INSURANCE GROUP;
RURAL INSURANCE AGENCY, INC.;
ALBERT G. CUMMINS, JR. INC.;
ALBERT CUMMINS, JR.,** individually and in
his capacity as agent of Foremost Insurance
Group and Rural Insurance Agency, Inc.; and
**JAMES BRIAN STREET,** individually and in
his capacity as agent of Foremost Insurance
Group and Rural Insurance Agency, Inc.                     **DEFENDANTS**

## OPINION AND ORDER

Before the Court are: (1) the motion to dismiss of Albert G. Cummins, Jr.; Albert G. Cummins, Jr. Inc.; James Brian Street; and Rural Insurance Agency, Inc. ("Agent Defendants"), Doc. #7; (2) Harvey Burchfield's "Motion to Allow Discovery Prior to Ruling on Motion to Dismiss," Doc. #9; (3) the Agent Defendants' motion to strike, Doc. #17; and (4) the "Motion of Foremost Insurance Company Grand Rapids Michigan to Stay Case and Deem Plaintiff's Response to the Non-Diverse Defendants' Motion to Dismiss as a Motion to Remand," Doc. #20.

**I
Procedural Background**

On May 31, 2016, Burchfield filed suit in the Circuit Court of Sunflower County, Mississippi, against Foremost Insurance Group;[1] Rural Insurance Agency, Inc.; Albert G. Cummins, Jr. Inc.; Albert Cummins, Jr., individually and in his capacity as agent of Foremost

---
[1] Foremost asserts that it is "incorrectly named in the Complaint as Foremost Insurance Group" and that its actual name is Foremost Insurance Company Grand Rapids, Michigan. Doc. #1 at 1; *see* Doc. #2.

Insurance Group and Rural Insurance Agency, Inc.; and James Brian Street, individually and in his capacity as agent of Foremost Insurance Group and Rural Insurance Agency, Inc. Doc. #2. In his state court complaint, Burchfield alleges claims for negligence, gross negligence, breach of contract, breach of fiduciary duty, and bad faith arising from the denial of his claim for fire insurance benefits after the house on real property he owned sustained a fire loss. *Id.* at ¶¶ 9–31. On August 4, 2016, Foremost removed the case to this Court pursuant to 28 U.S.C. § 1332, asserting that the Agent Defendants were improperly joined. Doc. #1.

On August 16, 2016, the Agent Defendants filed a motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #7. On September 19, 2016, Burchfield filed a "Motion to Allow Discovery Prior to Ruling on Motion to Dismiss." Doc. #9. That same day, Burchfield filed a response to the Agent Defendants' motion to dismiss.[2] Doc. #10. On September 28, 2016, the Agent Defendants filed a response opposing Burchfield's motion for discovery, a reply in support of their motion to dismiss, and a motion to strike certain matters[3] in Burchfield's response to their motion to dismiss. Doc. #15; Doc. #16; Doc. #17.

On October 13, 2016, Foremost filed a "Motion of Foremost Insurance Company Grand Rapids Michigan to Stay Case and Deem Plaintiff's Response to the Non-Diverse Defendants' Motion to Dismiss as a Motion to Remand." Doc. #20. The same day, Foremost filed a response to Burchfield's motion for discovery, Doc. #22; and a "Memorandum Brief of Foremost Insurance Company Grand Rapids, Michigan in Rebuttal of Plaintiff's Response to the Motion to Dismiss Submitted by the Non-Diverse Defendants and in Opposition to Remand," Doc. #23. On October 20, 2016, Burchfield responded to Foremost's motion to stay. Doc. #24. Five days

---

[2] Included in Burchfield's response to the motion to dismiss is an affidavit of Burchfield asserting that he relied on Street, as his agent, to notify him of repairs needed on his home to keep his insurance. Doc. #10 at 4–5.

[3] The Agent Defendants request that "the Court strike the new allegations in the Plaintiff's Response, which are not found in the Complaint, as well as the Affidavit attached to Plaintiff's Response …." Doc. #17 at 2.

later, on October 25, 2016, Foremost replied. Doc. #25. Also on October 25, the Agent Defendants filed a notice joining Foremost's motion to stay. Doc. #26. On November 3, 2016, Burchfield filed a response to the Agent Defendants' motion to strike. Doc. #27.

On March 1, 2017, the Court, finding Foremost's conclusory allegations of improper joinder insufficient, issued an order requiring Foremost to show cause why this case should not be remanded due to the lack of diversity jurisdiction. Doc. #30. Foremost filed an "Amendment to Notice of Removal Submitted in Response to Order to Show Cause" on March 6, 2017. Doc. #31.[4]

## II
## Removal

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In its removal notice, Foremost contends that "according to the Complaint, [Burchfield] is an adult resident citizen of … Mississippi;" Foremost "is a foreign corporation organized, existing, and with its principal place of business in Michigan;" and the amount in controversy

---

[4] In the show cause order, Foremost was allowed "seven (7) days from the entry of this order to file, pursuant to 28 U.S.C. § 1653, a statement of amendment, addressing only the jurisdictional allegations of its notice of removal, that sufficiently specifies the factual and legal basis for its claim of improper joinder." Doc. #30.

exceeds $75,000.[5] Doc. #1 at ¶¶ 4–5, 10. Regarding the Agent Defendants, however, Foremost alleges they "were improperly joined … for the sole purpose of attempting to avoid and defeat the removal of this action to the jurisdiction of this Court. As there is no reasonable possibility that the Plaintiff can establish h[is] claims against the Non-diverse [Agent] Defendants, their citizenship must be disregarded for purposes of determining jurisdiction."[6] *Id.* at ¶ 9.

## III
## Diversity Jurisdiction and Fraudulent Joinder

Diversity jurisdiction requires that there be: (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under this doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphases omitted). The "heavy" burden of showing improper joinder rests with the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The latter inquiry centers on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a [non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

---

[5] Foremost contends that the amount in controversy is "$300,000.00, as well as punitive damages." Doc. #1 at ¶ 8.

[6] Foremost alleges in its removal notice that "Defendants Rural Insurance and Cummins, Inc. are Mississippi corporations, and Defendants Cummins and Street are adult resident citizens of Mississippi." Doc. #1 at ¶ 6.

able to recover against [the] defendant." *Smallwood*, 385 F.3d at 573. In resolving this question, "[a] district court should ordinarily ... conduct[] a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal*, 408 F.3d at 183 n.6. "As a corollary, summary judgment-type evidence may be considered in an improper-joinder analysis to the extent the facts 'clarify or amplify the claims actually alleged in the petition that was controlling when the suit was removed.'" *Puente v. Tex. Roadhouse Holdings, LLC*, No. 1:13-cv-181, 2014 WL 12617817, at *4 (S.D. Tex. July 15, 2014) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)) (internal alterations omitted).

The party asserting improper joinder bears the burden at each stage of this inquiry. *See Barbee v. Scott*, No. H-10-1797, 2010 WL 3257477, at *7 (S.D. Tex. Aug. 17, 2010) ("The court concludes, therefore, that under a Rule 12(b)(6)-type analysis the defendants have failed to meet their burden of establishing improper joinder."); *see also Veritas Consulting Grp. Inc. v. Gasbuddy Org., Inc.*, No. C-10-147, 2010 WL 2598386, at *3 n.3 (S.D. Tex. June 24, 2010) ("[E]ven if this Court were to pierce the pleadings and consider the summary judgment type evidence, removing Defendants have not met their burden of proving improper joinder.").

In the present case, no party has presented summary judgment type evidence regarding the claims against the Agent Defendants. Accordingly, on this record, the Court finds no justification to pierce the pleadings and conduct a summary inquiry.[7] The Court will therefore analyze Burchfield's complaint under the lenient 12(b)(6) framework.[8] *See Smallwood*, 385 F.3d

---

[7] As noted above, Burchfield included an affidavit in his response to the Agent Defendants' motion to dismiss, which the Agent Defendants moved to strike. As explained below, the Agent Defendants' motion to dismiss and the motion to strike will be denied as moot; thus the affidavit will not be considered. Had the averments in Burchfield's affidavit been considered, they would not have changed the Court's conclusions regarding the instant motions.

[8] The complaint "*as filed in state court* controls the inquiry." *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 975 (E.D. Tex. 2010) (emphasis in original).

at 573 ("decision regarding the procedure necessary … lie[s] within the discretion of the trial court").

IV
**Discussion**

**A. Factual Allegations**

Sometime before February 14, 2014, Burchfield purchased a "dwelling fire insurance" policy from Foremost through its agents Albert Cummings, Jr., Albert Cummings, Jr., Inc., and Rural Insurance Agency, Inc., to cover property he owned in Drew, Mississippi. Doc. #2 at ¶ 9, 11. The policy "provided in general that upon consideration of premiums paid to the Defendants[,] the Defendants would provide insurance to cover losses of insured in the event of a fire to said premise."[9] *Id*. In September 2013, Burchfield was informed that James Brian Street was his new agent. *Id*. at ¶ 21.

On February 14, 2014, the house located on Burchfield's property "sustained a fire that resulted in a total loss of the house." *Id*. at ¶ 13. Subsequently, Burchfield filed a fire loss claim with the defendants but the claim was denied on the basis that the insurance coverage on the property was non-renewed as of February 1, 2014. *Id*. at ¶ 14. Burchfield was never notified by Foremost's agents that the fire policy would be nonrenewed on February 1, 2014. *Id*. at ¶ 15, 17. Foremost did not mail the notice of cancellation or nonrenewal to Burchfield or Street; rather, Foremost mailed it to Cummins but Cummins never mailed a copy of it to Burchfield. *Id*. at ¶¶ 22–23.

**B. Analysis**

In his complaint, Burchfield alleges claims for negligence, gross negligence, breach of contract, breach of fiduciary duty, and bad faith. Doc. #2 at ¶ 9–31. In its amendment to its

---

[9] Burchfield asserts that he is "unable to locate a complete copy of the [insurance] policy" to attach to the complaint. Doc. #2 at ¶ 16.

notice of removal, Foremost points out that "[s]ome of [Burchfield's] allegations supporting the alleged tort/cause of action are directed to a specific defendant, but most are asserted either collectively against 'the Defendants' or against an unspecified 'Defendant.'"[10] Doc. #31 at 5. Foremost also argues that "[a]lthough [Burchfield] asserts claims of negligence and gross negligence," this is really "a purported breach of contract action against Foremost for denial of the fire claim." *Id*. at 4. In that regard, Foremost contends that Burchfield "has not pled sufficient facts to support a plausible claim against any of the … Agent Defendants." *Id*. The Court will address each claim in turn.

*1. Breach of Contract*

"The elements of a breach of contract claim in Mississippi are: (1) the existence of a valid contract and (2) breach by the defendant." *Idom v. Natchez-Adams Sch. Dist.*, 115 F. Supp. 3d 792, 805 (S.D. Miss. 2015) (internal quotation marks omitted).

Foremost argues that Burchfield has not alleged a viable claim against the Agent Defendants for breach of contract because they "were not involved in the investigation, handling or decision to deny [Burchfield's] claim for fire insurance benefits. More importantly, the Non-diverse Agent Defendants were not parties to the contract and cannot be held liable under the contract for payment of benefits." Doc. #31 at 7–8. Foremost also argues that "in Mississippi, an agent does not incur liability for a breach of a duty or a breach of contract committed by a principal when the agent is acting for a known principal …. Therefore, as a matter of law, the Non-diverse Agent Defendants cannot be held liable for the alleged breach of the insurance contract by Foremost …." *Id*. at 8.

---

[10] Foremost notes that the "only specific mention of Cummins, Inc. in the entire Complaint, other than when pleading 'Jurisdiction and Venue,' is … wherein [Burchfield] states that the Policy was purchased from Foremost through Cummins, Cummins, Inc. and Rural Insurance." Doc. #31 at 7. Foremost also notes that Rural Insurance is only specifically referenced when alleging that "Foremost and Rural Insurance are liable for the conduct of its agents." *Id*.

In his complaint, Burchfield alleges that "Defendant conducted an inadequate investigation," "has unreasonably delayed payment of this claim," and "fail[ed] to comply with the contract that required notice of cancellation or nonrenewal to be sent to Brian Street ...." *Id.* at ¶¶ 24–26. Burchfield further alleges that "the conduct of Defendants described herein constitutes breach of contract." *Id.* at ¶ 27. While Burchfield does not specify who "Defendant" is when alleging breach of contract, the Court presumes that he refers to Foremost, as he earlier alleges that "[i]nstead of *Defendant* acknowledging its failure to comply with the contract that required notice of cancellation … be sent to *Street* … Defendant delayed and denied the fire claim." Doc. #2 at ¶ 24 (emphases added). Accordingly, Burchfield does not allege that the Agent Defendants were a part of the contract between himself and Foremost, or that the Agent Defendants were the individuals who conducted the investigation and delayed payment of his claim. Nor does Burchfield allege that the Agent Defendants are liable for a breach of contract committed by a principal. As such, the Court finds that Burchfield has failed to plead any factual allegations against the Agent Defendants to support a claim for breach of contract.

*2. Bad Faith*

"To prove a bad faith claim, Plaintiff[] must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Williams v. Rogers*, No. 2:14-cv-116, 2015 WL 5794419, at *4 (S.D. Miss. Oct. 1, 2015) (internal quotation marks omitted).

Foremost argues that Burchfield has not alleged a viable claim of bad faith against the Agent Defendants because the "Agent Defendants were not involved in the investigation, handling or decision to deny [Burchfield's] claim for fire insurance benefits." Doc. #31 at 7–8.

8

Burchfield alleges in his complaint that "Defendant conducted an inadequate investigation … [and] has unreasonably delayed payment of this claim," and that, "[t]he delay and denial of the fire claim … was without a legitimate or arguable basis and therefore constitutes bad faith." Doc. #2 at ¶ 25–26, 28. As explained above, the allegations relating to "Defendant" conducting an inadequate investigation and unreasonably delaying payment of the fire loss claim are not made against the Agent Defendants. Thus, Burchfield has failed to plead any factual allegations to support a claim for bad faith against the Agent Defendants.

*3. Negligence*

In Mississippi, "[t]he elements of a negligence claim are duty, breach of duty, proximate cause, and damages." *Mladineo v. Schmidt*, 52 So.3d 1154, 1162 (Miss. 2010). To prevail in any type of negligence action, a plaintiff must first prove the existence of a duty. *Enter. Leasing Co. S. Cent. v. Bardin*, 8 So.3d 866, 868 (Miss. 2009).

Burchfield alleges in his complaint that Cummins and Street, as his agents, "had a duty to notify [him] of any policy cancellation dates related to issues with [his] property" and that they "breached their duty [when] they did not notify [him] that his property would become uninsured on February 1, 2014." Doc. #2 at ¶¶ 17, 20. Burchfield further alleges that "[h]ad [he] been notified of the issue with the property he would have corrected same before the cancellation of the policy." *Id.* at ¶ 20.

Foremost argues that Burchfield has failed to allege a viable cause of action for negligence or gross negligence against the Agent Defendants. In this regard, Foremost contends that "[n]either Street nor Cummins could possibly have a duty to provide notice to [Burchfield] if they had not received notice themselves as the Complaint alleges;" "[i]f Cummins was no longer [Burchfield's] agent, Cummins could not possibly have had a duty to provide notice of

9

cancellation or nonrenewal;" and "[e]ven assuming that … Agent Defendants had received a copy of the notice of nonrenewal from Foremost, the … Agent Defendants had no duty under the law, contractual or otherwise, to provide notification of the nonrenewal to [Burchfield.]" Doc. #31 at 9–10.

As a general rule, while "an agent has a duty to use the degree of diligence and care which a reasonably prudent person would ordinarily exercise in the transaction of his own business, ... some special circumstance is needed to require an agent to go beyond the legal duty placed on him." *Lowery v. Guaranty Bank and Trust Company*, 592 So.2d 79, 83 (Miss. 1991). Special circumstances exist when the agent has taken an "affirmative action" to undertake a duty, or when the duty arises from a fiduciary duty owed by the agent. *Id.*

Here, Burchfield has not alleged that the Agent Defendants assumed any type of duty to take affirmative action in notifying him of an impending nonrenewal or cancellation in order to support a negligence claim.[11] Nor has Burchfield alleged any facts suggesting the existence of a fiduciary relationship with the Agent Defendants.[12]

---

[11] One of the only other times Burchfield mentions the Agent Defendants is when he asserts that once he was notified that Street was his new agent, he "acted in reliance on the representation and conducted his insurance business accordingly." Doc. #2 at ¶ 21.

[12] In his complaint, Burchfield alleges that "[t]he Defendant occupied a fiduciary position with Plaintiff and therefore owed Plaintiff a fiduciary duty to act in good faith and fair dealing handling the fire claim and to handle the claim without unreasonable delay and to conduct a proper investigation. The Defendant's conduct constitutes breach of fiduciary duties outlined herein." Doc. #2 at ¶ 31. While Burchfield does not specify who "Defendant" is, the Court presumes it is Foremost, as Foremost handled the fire investigation and denied the claim. As such, the Court declines to address breach of fiduciary duty as a separate claim against the Agent Defendants.

Additionally, in his affidavit included in his response to the motion to dismiss, Burchfield avers:

> That between 2013 and February 2014 there were several times that there was minor storm or wind damage sustained to certain of the aforesaid rental property and that on each occasion my insurance representative, James Brian Street, would come to the affected rental property for inspection and to advise me as to whether I needed to file a claim and as to what repairs maybe needed to continue my insurance coverage. As a result of these types of dealings, I came to rely upon my insurance representative to inform me of any and everything I needed to do for my property to keep the property insured.

Doc. #10 at 4. However, these allegations, even if they were considered, are not enough to establish a fiduciary relationship. *See Walden v. Am. Gen. Life*, 244 F. Supp. 2d 689, 698–99 (S.D. Miss. 2003) ("[T]he circumstances

Additionally, as argued by Foremost, Burchfield does not adequately allege that the Agent Defendants even received the notice of nonrenewal in order to notify him of it. Rather, Burchfield alleges in his complaint that Foremost never mailed "his insurance representative at the relevant time," Street, a copy of the notice of nonrenewal. Doc. #2 at ¶ 16, 18–19, 21. Further, although Burchfield alleges that Foremost sent Cummins a copy of the notice of nonrenewal, Cummins was no longer located in the office to which the notice was allegedly mailed.[13] *Id*. at ¶¶ 21–22. More importantly, as Foremost argues, Cummins was no longer Burchfield's insurance agent as of September 2013.[14] *Id*. at ¶ 21.

Thus, the Court finds that Foremost has carried its burden of demonstrating that Burchfield will be unable to recover in state court against the Agent Defendants on his claims of negligence and gross negligence.[15]

## C. Dismissal

"Where a plaintiff improperly joins defendants, dismissal of claims against those defendants is appropriate." *Ocotillo Real Estate Invs. I LLC v. Lexington Ins. Co.*, No. 3:14-CV-3259, 2015 WL 11120867, at *1 (N.D. Tex. May 13, 2015) (citing *Griggs*, 181 F.3d at 698). Considering Foremost's arguments and the allegations of the complaint, the Court concludes that Foremost has met its burden in showing there is no possibility of recovery by Burchfield against

---

here indicate a simple relationship between an insurance salesman and a client. Such a relationship is not the basis for a fiduciary relationship in and of itself.").

[13] Burchfield alleges that Cummins moved from the Cleveland, Mississippi, office to the Grenada, Mississippi, office. Doc. #2 at ¶ 21. However, according to Burchfield, the notice of nonrenewal was mailed to Cummins in Cleveland. *Id*. at ¶ 22. The complaint states, "See Notice of Nonrenewal, Exhibit B," but an exhibit was not attached to the complaint.

[14] Burchfield does not allege that Cummins had a continuing duty to him after he was no longer acting as his agent, and this Court is unaware of any authority to support such a duty.

[15] "Gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *McDonald v. Lemon-Mohler Ins. Agency, LLC*, 183 So.3d 118, 126 (Miss. Ct. App. 2015). Because Burchfield has not alleged a negligence claim against the Agent Defendants, his gross negligence claim fails as well.

the Agent Defendants in state court on his claims of negligence, gross negligence, breach of contract, and bad faith.[16] Therefore, the Court will dismiss these claims against the Agent Defendants.

## V
## **Pending Motions**

In light of the Court's decision above, the following motions will be denied as moot: the Agent Defendants' motion to dismiss, Doc. #7; Burchfield's "Motion to Allow Discovery Prior to Ruling on Motion to Dismiss," Doc. #9; the Agent Defendants' motion to strike, Doc. #17; and the "Motion of Foremost Insurance Company Grand Rapids Michigan to Stay Case and Deem Plaintiff's Response to the Non-Diverse Defendants' Motion to Dismiss as a Motion to Remand," Doc. #20.[17]

---

[16] As explained above, Burchfield's complaint contains no allegations asserting a breach of fiduciary duty claim against the Agent Defendants.

[17] Many of the filings associated with these motions would not have been considered as they were untimely and/or otherwise failed to comply with the Court's local rules. Burchfield's brief and response to the Agent Defendants' motion to dismiss, Doc. #10; Doc. #11; Burchfield's response to the Agent Defendants' motion to strike, Doc. #27; Foremost's response to Burchfield's motion for discovery, Doc. #22; and the "Memorandum Brief of Foremost Insurance Company Grand Rapids, Michigan in Rebuttal of Plaintiff's Response to the Motion to Dismiss Submitted by the Non-Diverse Defendants and in Opposition to Remand," Doc. #23, were all filed beyond the time periods mandated by the local rules. Burchfield's motion for discovery was also untimely since it, like his response to the motion to dismiss, was filed seventeen days after the deadline for the response expired. Where a party's filing fails to comply with the Court's procedural rules by disregarding the deadline imposed, it is subject to being stricken and not considered by the Court. *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 534–35 (N.D. Miss. 2015).

Also, the Agent Defendants did not file a separate memorandum brief with their motion to strike, stating in the motion only that the reasons the motion should be granted is set forth in their rebuttal in support of their motion to dismiss. Doc. #17 at 2. Further, Burchfield's memorandum in support of his response to the Agent Defendants' motion to strike is improperly filed as an exhibit to the response. *See* Local Rule 7(b)(2) ("[c]ounsel must file a memorandum brief as a separate docket item from the motion or response to which it relates and *must not make the memorandum brief an exhibit to a motion or response*, except in the case of a motion for leave to submit the referenced memorandum brief."). The Clerk of the Court notified Burchfield of this error but Burchfield did nothing to correct it.

Finally, the "Memorandum Brief of Foremost Insurance Company Grand Rapids, Michigan in Rebuttal of Plaintiff's Response to the Motion to Dismiss Submitted by the Non-Diverse Defendants and in Opposition to Remand" is not only untimely (since Foremost filed it two weeks after the September 29 deadline) but also procedurally irregular as a rebuttal to a response to a motion which Foremost neither filed nor joined. Local Rule 7(b)(4) provides that "[c]ounsel for *movant* desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief." (emphasis added). Because Foremost never joined the Agent Defendants' motion to dismiss, Foremost is not a movant.

# VI
# Conclusion

Because Burchfield has failed to state a claim against the non-diverse Agent Defendants, the Agent Defendants are **DISMISSED** from this case. Accordingly, the Court **DENIES as moot** the Agent Defendants' motion to dismiss [7]; Burchfield's "Motion to Allow Discovery Prior to Ruling on Motion to Dismiss" [9]; the Agent Defendants' motion to strike [17]; and the "Motion of Foremost Insurance Company Grand Rapids Michigan to Stay Case and Deem Plaintiff's Response to the Non-Diverse Defendants' Motion to Dismiss as a Motion to Remand" [20].

**SO ORDERED**, this 28th day of March, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**